1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**WESTERN DIVISION**

11

12  JOANNA M. PESQUEIRA,                )        No. CV 02-3295-PLA

13                Plaintiff,              )

                                         )        **ORDER GRANTING MOTION FOR**
14            v.                          )        **ATTORNEY'S FEES PURSUANT**
                                         )        **TO 42 U.S.C. § 406(b)**
15  MICHAEL J. ASTRUE,                    )
    COMMISSIONER OF SOCIAL               )
16  SECURITY ADMINISTRATION,             )
                                         )
17                Defendant.             )

18

19                            **INTRODUCTION**

20        On November 6, 2007, plaintiff's counsel, Laura Krank ("counsel"), filed a Motion

21  for Attorney Fees Pursuant to 42 U.S.C. § 406(b)[1] ("Motion"), seeking the amount of $15,000.00

22  for representing plaintiff in an action to obtain social security benefits.  Counsel indicates that she

23  performed 15.3 hours of attorney services, and that an additional 4.6 hours of paralegal time was

24  spent, in representing plaintiff before the district court.  (See Motion at 1, 3).  Counsel seeks

25  compensation pursuant to a contingent fee agreement that allows her to recover up to 25% of

26  past-due benefits.  Defendant filed a Response ("Response"), in which it takes no position as to

27  _____

28        [1]   Unless otherwise indicated, all statutory references are to Title 42 of the United States
    Code.

1  whether the fee requested in the Motion is reasonable.  Though given the opportunity to do so,

2  plaintiff did not file an opposition to the Motion.

3       The Court has taken counsel's Motion under submission without oral argument.  For the

4  reasons stated below, the Court grants the Motion.

5

6                               **PRIOR PROCEEDINGS**

7       Plaintiff, through counsel, filed the instant action on April 22, 2002.  On November 21,

8  2002, judgment was entered remanding the case to defendant for further proceedings.  (See

9  Judgment, entered November 21, 2002).  On remand, plaintiff was found disabled and was

10 awarded $148,504.00 in retroactive benefits.  (See Declaration of Laura Krank, ¶ 4).  The sum

11 of $37,126.00 was withheld from the award.  Counsel now seeks a fee award for work performed

12 before this Court in the sum of $15,000.00.  (See Motion at 3).  Counsel already has been

13 awarded attorney fees of $2,500.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

14 § 2412(d).  (See Motion at 3).  The EAJA award offsets any attorney's fee award payable from

15 plaintiff's past-due benefits, up to the full amount of the EAJA award.[2]  Accordingly, the net

16 amount of attorney fees counsel seeks payable from plaintiff's benefits is $12,500.00.  (See

17 Motion at 4).  Counsel also filed a fee petition for attorney fees under 42 U.S.C. § 406(a) in the

18 amount of $10,000.00 (See Motion at 24).

19

20            **ATTORNEY'S FEES UNDER THE SOCIAL SECURITY ACT**

21      Section 406(b) provides, in part:

22           Whenever a court renders a judgment favorable to a claimant under
             this subchapter who was represented before the court by an attorney,
23           the court may determine and allow as part of its judgment a
             reasonable fee for such representation, not in excess of 25 percent
24

25      [2]   If attorneys' fees are awarded under the EAJA and section 406(b), the attorney must
26 refund the smaller of the two awards to the claimant.  See Gisbrecht v. Barnhart, 535 U.S. 789,
   796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (noting that "Congress harmonized fees payable
27 by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due
   Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount
28 of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

                                          2

> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, § 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. The Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements."[3]  Id.  While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee agreements are "the primary means by which fees are set" for the successful representation of social security disability claimants in court. Id. at 807. However, a "court may exercise its discretion to reduce an attorney's contractual recovery based on the character of the representation and the result achieved . . . . In addition, '[i]f the benefits are large in comparison

---

[3]   Under the "lodestar" method, attorney fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee.  See Gisbrecht, 535 U.S. at 797-98 (discussing application of the "lodestar" method in the Ninth Circuit). The "lodestar" may be adjusted upward or downward to account for a variety of factors. See Gisbrecht, 535 U.S. at 798 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976)).  Courts in this and other circuits look to the following factors to determine whether the lodestar should be adjusted: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Allen v. Shalala, 48 F.3d 456, 458 n. 3 (9th Cir. 1995) (citing Kerr, 526 F.2d at 70), abrogated by Gisbrecht, 535 U.S. 789.

1  to the amount of time counsel spent on the case, a downward adjustment is similarly in order.'"

2  Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003), quoting Gisbrecht, 122 S. Ct.

3  at 1828.

4          The Court has conducted an independent check as to the reasonableness of the fee sought

5  here.  Plaintiff retained counsel to represent her in federal court in her social security disability

6  case, and agreed to pay counsel a contingent fee in an amount equal to 25% of any past-due

7  benefits award obtained.  (See Motion at 5; see also Exhibit 1 attached to Motion).  Under

8  Gisbrecht, the court examines a lawful contingent fee agreement only to assure that the

9  enforcement of that agreement is not unreasonable.  The court may consider factors such as the

10  character of the representation, the results achieved, the ratio between the amount of any benefits

11  awarded and the time expended, and any undue delay attributable to counsel that caused an

12  accumulation of back benefits.  Gisbrecht, 535 U.S. at 808.  Consideration of these factors

13  warrants no reduction of the fee sought by counsel.  Counsel obtained a very favorable outcome

14  for her client, resulting in a remand for further proceedings and ultimately in the payment of past-

15  due benefits.  The record discloses no issue regarding the quality or efficiency of counsel's

16  representation before this Court, or any misconduct or delay by counsel.  The time expended was

17  reasonable to litigate the case to the point where it was remanded for further proceedings, and the

18  time spent on this matter is well within the norm for social security disability cases.  See, e.g.,

19  Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n. 2 (C.D. Cal. 2000) (noting that "a survey of

20  several dozen cases in which attorney's fees were awarded in social security cases suggests that

21  the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

22          The reasonableness of the fee is appropriately "checked" with reference to the lodestar

23  figure.  See Gisbrecht, 535 U.S. at 808, 122 S. Ct. at 1828 (noting that record of hours spent and

24  normal hourly billing charge may aid in court's assessment of reasonableness of fee request).

25  Counsel asserts that hourly rates of $864.99 for attorney services and $383.83 for paralegal

26

27

28

4

services[4] are reasonable. (See Motion at 21). The Court finds that the these rates are not unreasonable. Most post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates not far different than those sought here. See Dodson v. Commissioner of Social Security, 2002 WL 31927589, *2 (W.D. Va. Oct. 22, 2002) (rejecting Commissioner's argument that a contingent fee of $5,000 for 7.2 hours of work, or $694.44 per hour, is per se unreasonable "because it fails to account for the nature of a contingent-fee agreement"); Hussar-Nelson v. Barnhart, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (rejecting the argument that an hourly rate of $393.00 for 53.9 hours of work represented a windfall, and collecting pre-Gisbrecht cases awarding contingent fees that translated into hourly rates ranging from $380 to $605); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1384 (S.D. Ga. 2002) (approving a contingent fee that translated into an hourly rate of $350.49 for 18.70 hours of court representation where there was no evidence of impropriety in making the fee contract and to account for the risk of nonpayment, and collecting pre-Gisbrecht cases that awarded contingent fees amounting to $438 and $380 per hour); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours of court-related work, which represented over $605 per hour); Hearn, 262 F. Supp. 2d 1033 (finding de facto rate of $450 per hour to be reasonable, despite it being three times the amount of the EAJA hourly rate). A handful of cases have awarded larger amounts. See, e.g., Droke v. Barnhart, 2005 WL 2174397 (W.D. Tenn. Sept. 6, 2005) ($830.82 per hour not unreasonable for 17.9 hours of work); Claypool v. Barnhart, 294 F. Supp. 2d 829 (S.D. W. Va. 2003) (court awarded fee amounting to $1,433.12 per hour, which represented far less than 25% of the total award of past due benefits, and where plaintiff specifically consented to the award); Brown v. Barnhart, 270 F.

---

[4]    Fees may be awarded under section 406(b) for paralegal time when the paralegal performs services that otherwise would be handled by a lawyer and that ordinarily are billed separately to the client. See Chandler v. Secretary of Department of Health and Human Services, 792 F.2d 70, 73 (6th Cir. 1986) (noting that in a case under 42 U.S.C. § 406(b), an attorney can bill for paralegal time but only at paralegal rates); cf. Missouri v. Jenkins by Agyei, 491 U.S. 274, 285-87, 109 S. Ct. 2463, 2470-71, 105 L. Ed. 2d 229 (1989) (affirming separate fee awards under 42 U.S.C. § 1988 for legal services performed by paralegals and law clerks because the "increasingly widespread custom" was to bill separately for such time, whereas the services of "secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product" traditionally have been included in the calculation of a lawyer's hourly rate).

1 | Supp. 2d 769 (W.D. Va. 2003) (fee equivalent to $977.20 per hour awarded, after district court
2 | rejected a larger amount).

3 |     Nothing in the record before the Court suggests that there was any overreaching in the
4 | making of the fee agreement or any impropriety on the part of counsel in her representation of
5 | plaintiff before this Court.  Counsel assumed the risk of nonpayment inherent in a contingency
6 | agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap (even when
7 | the § 406(a) award is added in), and counsel's efforts ultimately proved quite successful for
8 | plaintiff.  Based on existing authority, the fee requested is not so inordinately large in comparison
9 | with the number of hours spent by counsel on the case that it would represent a windfall to
10 | counsel.  Accordingly, the Court finds that the contingent fee requested by counsel in this case
11 | is reasonable.

12 |

13 | **ORDER**

14 |     Based on the foregoing, IT IS HEREBY ORDERED that: (1) counsel's Motion for Attorney
15 | Fees is **granted**; (2) the Commissioner pay plaintiff's counsel the sum of Fifteen Thousand dollars
16 | and no cents ($15,000.00); and (3) plaintiff's counsel is directed to reimburse plaintiff in the sum
17 | of Two Thousand Five Hundred dollars and zero cents ($2,500.00), the amount already paid by
18 | defendant in EAJA fees.

19 |

20 | DATED: January 15, 2008

                                       PAUL L. ABRAMS
                        UNITED STATES MAGISTRATE JUDGE